STRONG v. WOODROW INVESTING CO., Inc.

(Supreme Court, Appellate Term, First Department.  April 26, 1916.)

1. LANDLORD AND TENANT ⬅169(7)—INJURIES TO PROPERTY OF TENANT—
PROOF.

Where the rules of the building required the lessor to examine all apartments to see that steam did not escape before turning on the heat, a tenant whose property was injured by the escape of steam may recover, without proof of where the escape occurred, or that it was due to any defect in construction, or negligence in maintenance of the steam plant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 645, 665, 683; Dec. Dig. ⬅169(7).]

2. LANDLORD AND TENANT ⬅166(1)—RIGHTS OF TENANT—INJURY TO PROPERTY—DEFENSES.

Where the rules of the lessor required inspection of all apartments before the turning on of steam to see that none would escape, the lessor cannot defeat recovery of damages for injury to property by steam, because the superintendent of its building did not have a key to plaintiff's apartment; plaintiff having left the key with the lessor's agent, who had offices in the building.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 647, 652, 655, 659; Dec. Dig. ⬅166(1).]

3. LANDLORD AND TENANT ⬅44(2)—LEASES—COVENANTS RUNNING WITH THE LAND.

A provision in the lease that liability of the landlord for any damages sustained by the tenant should be limited to the amount of one month's rent reserved therein is one which does not run with the land, and which the original lessor's grantee cannot enforce.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 110, 732; Dec. Dig. ⬅44(2).]

Appeal from City Court of New York, Trial Term.

Action by Anne E. Strong against the Woodrow Investing Company, Incorporated.  From a judgment dismissing the complaint at the end of plaintiff's case, she appeals.  Reversed and remanded.

Argued April term, 1916, before GUY, COHALAN, and WHIT-AKER, JJ.

Duer, Strong & Whitehead, of New York City (Selden Bacon, of New York City, of counsel), for appellant.

Stroock & Stroock, of New York City (Charles Levy and Frank I. Schechter, both of New York City, of counsel), for respondent.

COHALAN, J.  Action brought to recover damages to personal property belonging to the plaintiff.  She occupied, under a lease, apartment No. 51 in Hispania Hall, a large apartment house in the borough of Manhattan.  The building was heated by a steam plant erected in the basement, with pipes running to the various apartments and to the radiators therein.

The plaintiff, in July, 1913, left the city for the summer months, and deposited the key of the apartment with the agents of the lessor, who had offices in the building.  The plaintiff returned to her apartment in October, and found the furniture therein in a damaged condition. The superintendent of the apartment house testified that he turned on

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the steam on October 13, 1913, and that before doing so he entered, for purposes of inspection, every apartment in the building, except No. 51; that he was unable to enter the plaintiff's apartment, but that he had never inquired from the agents for the key to the same. Hence it appears that, despite the rule requiring him to inspect the radiators or steam pipes in all the apartments before turning on the steam, in this instance he neglected the apartment of the plaintiff.

At the end of the plaintiff's case the complaint was dismissed, on the ground that the plaintiff had failed to show just where the escape of steam was, and to what defect it might be attributed. The action is based on the proposition that the defendant started its steam plant, and turned on the steam contrary to the established rules of the building; in brief, that the heating appliances should have been examined before turning on the steam.

[1, 2] That the damage was caused by the escape of steam from the steam pipes or radiators was adequately proved. The plaintiff was not required, in order to recover, to show at what point in the apartment the leak occurred, or that it was due to any particular defect in the construction or maintenance of the steam plant. She had gone far enough, if she succeeded in showing that the defendant did not examine the apartment to see that the steam did not escape, as required by the rules of the building; that the steam had been turned on, and damage to her property had resulted. It was no excuse for the superintendent's failure to examine the pipes and radiators in the apartment that he had no key to enter therein, and that the plaintiff was absent from the city.

[3] The defendant claims the benefit of a provision in the lease that the liability of the landlord for any damages sustained by the tenant shall be limited to the amount of one month's rent reserved therein. The term "landlord," used in the lease, is limited to the original lessor. This covenant does not run with the land. McAdam on Landlord and Tenant (4th Ed.) p. 404; Norman v. Wells, 17 Wend. 136. By its terms, this clause does not inure to relieve the original landlord's grantee from full responsibility for its negligence.

The judgment is reversed, and new trial granted, with costs to the appellant to abide the event. All concur.